Submitted on briefs September 19, affirmed October 10, 1922.

FAULMAN *v.* OLCOTT ET 'AL.

(210 Pac. 215.)

**Bounties — Act Providing for Payment of Bonus to World War Veterans, in Conflict With Constitutional Amendment Creating Fund for Such Payment, Void.**

1. Notwithstanding reference in Constitution, Amendment, Article XI-c, Section 4, providing for a fund to be created to be paid as a bonus to World War veterans, by which Laws of 1921, page 359, providing for payment of the bonus, was ratified, adopted and confirmed, nothing in the amendment gave the act any effect as a constitutional provision, and in so far as it was in conflict with the amendment the part in conflict was void, and could not authorize payment from funds created under the amendment to one who did not enlist or was not inducted, warranted or commissioned after June 3, 1915.

**Bounties—Furloughed Soldier, Enlisted in 1913 and Recalled to Service in May, 1917, not "Enlisted," "Inducted," "Warranted," or "Commissioned," Within Constitutional Amendment Providing Bonus to World War Veterans.**

2. Where a soldier enlisted in 1913, was furloughed to the reserve in 1916, and on May 8, 1917, was called to active service, and whose entire service was performed under an enlistment made prior to June 3, 1915, he was not "enlisted, inducted, warranted or commissioned" within Constitution, Amendment, Article XI-c, creating a fund to be paid World War veterans.

From Marion: PERCY R. KELLY and GEORGE G. BINGHAM, Judges.

In Banc.

For appellants there was a brief over the names of *Messrs. Wilson & Guthrie, Mr. Cicero F. Hogan* and *Mr. MacCormac Snow.*

For respondents there was a brief over the names of *Mr. I. H. Van Winkle,* Attorney General, and *Mr. J. A. Benjamin,* Assistant Attorney General.

RAND, J.—The petitioner, William F. Faulman, states in his brief that on January 29, 1913, he enlisted in the regular army and after three years active service, on January 28, 1916, he was furloughed to the reserve; that on May 8, 1917, he was called to the Colors, and remained in active service in the regular army until again furloughed to the reserve on February 28, 1919. He made application to the World War Veterans' State Aid Commission to be paid a bonus under the provisions of Chapter 201, Laws of 1921, and his application was rejected. He thereupon commenced proceedings in the Circuit Court for Marion County, and in such proceedings an alternate writ of *mandamus* was issued directing the defendants who composed such commission either to allow the application, and pay the money applied for, or show cause why the defendants have not done so. The defendants answered and admitted all of the allegations of the writ, and affirmatively alleged in substance that the petitioner had enlisted in the United States army in 1913; that on the eighth day of May, 1917, while on furlough, he was called for duty at Fort Stephens, and served continuously thereafter

until February 18, 1919, and that he had not been "enlisted, inducted, warranted or commissioned" in the military or naval service of the United States at any time between April 6, 1917, and November 11, 1918. The plaintiff demurred to the answer, which being overruled, the plaintiff declined to plead further, and a judgment was entered dismissing the writ, from which plaintiff appeals.

By Section 7, Article XI of the Constitution of Oregon, the legislative assembly is prohibited to lend the credit of the state, or create any debt or liabilities which singly, or in the aggregate with previous debts or liabilities exceed the sum of $50,000, except in certain prescribed cases of which payment of money to veterans of the World War is not one. The legislative assembly, at its regular session in 1921, proposed a constitutional amendment designated as Article XI-c for submission to the people for their adoption or rejection. The amendment was adopted. Section 1 of Article XI-c in part reads as follows:

"Notwithstanding the limitations contained in Section 7 of Article XI of the Constitution, the credit of the State of Oregon may be loaned and indebtedness incurred to an amount not exceeding 3 per cent of the assessed valuation of all the property in the state, for the purpose of creating a fund to be loaned or to be paid to residents of the State of Oregon who served in the army, navy or marine corps of the United States between April 6, 1917, and November 11, 1918, and were honorably discharged from service, which fund shall be known as the 'world war veterans state aid fund.'"

Then following a provision directing the sale of bonds of the state, the amendment reads:

"No person shall be eligible to receive money from said fund except the following: Any male or female who was enlisted, inducted, warranted or commis-

sioned after June 3, 1915, and who has served honorably in active duty in the army, navy or marine service of the United States at any time between the sixth day of April, 1917, and the eleventh day of November, 1918, and who at the time of entering into such service was a resident of the State of Oregon and who has been honorably separated or discharged from said service or has been furloughed to a reserve, shall be entitled to receive from the proceeds of such bonds as a cash bonus the sum of $15 for each month or major fraction thereof that such person was in active service between the sixth day of April, 1917, and the eleventh day of November, 1919, not exceeding a total of $500, or shall be entitled to borrow from said funds not to exceed $4,000, which loan shall be secured by a mortgage upon real estate in an amount not exceeding 75 per cent of the appraised value of said real estate, but which loan may be reduced by statute. The legislative assembly may provide that the bonus to which any deceased person would have been entitled hereunder, had he or she lived, shall be paid to any relative of such deceased person.''

We assume that plaintiff enlisted under the provisions of the act of Congress of August 24, 1912, Chapter 391, Section 2, 37 Stat. L. 590, and that his enlistment was for the term of seven years, as provided by said act. Under the provisions of that act, any enlisted man, upon his written application, at the expiration of three years' continuous service, could be furloughed and transferred to the army reserve by the Secretary of War. While so on furlough, in the event of actual or threatened hostilities, the President, when authorized by Congress, was empowered to summon all furloughed soldiers belonging to the army reserve to rejoin their respective organizations. The above act was amended by the act of June 3, 1916, Chapter 134, Section 29, 39 Stat. L. 189, but the above provision remained in force.

Unless barred by his service in the regular army before June 3, 1915, and his status as a soldier on and after that date, plaintiff's service was such as to entitle him to payment of the cash bonus for which he made application, but by the restrictive limitations of Article XI-c, the plaintiff was not one of the prescribed class who alone are entitled to share in the expenditure authorized to be made thereunder, as he was neither "enlisted, inducted, warranted or commissioned" after June 3, 1915. He was one of the persons included in the prohibition "no person shall be eligible to receive money from said funds except * * any male or female who was enlisted, inducted, warranted or commissioned after June 3, 1915." Chapter 201, Laws of 1921, was enacted by the same legislative body that proposed the foregoing amendment, and the act of the legislature became valid and effective upon the adoption of the amendment.

1. Reference is made in Section 4 of the amendment by which said act was ratified, adopted and confirmed upon the adoption of the amendment, but nothing contained in Section 4 of the amendment gave to Chapter 201 any force or effect as a constitutional provision. In so far as Chapter 201, or any provision thereof, is in conflict with the provision of Article XI-c, the part so in conflict is unconstitutional and void. Chapter 201 attempts to define the qualifications of persons entitled to receive the benefits conferred by the amendment, and in the qualifications described by the act no reference is made to the date of June 3, 1915, but it was not within the power of the legislature to authorize the payment from funds created pursuant to the authority conferred by Article XI-c to anyone who did not fall within the prescribed requirements of the amendment, and one who

did not enlist, and who was not inducted, or warranted, or commissioned after June 3, 1915, could not, under the prohibition contained in the amendment, receive any money from said fund.

2. We therefore hold that it was not within the power of the legislature either by Chapter 201, Laws of 1921, or any other statute, to authorize the expenditure of any sum of money from the funds created pursuant to the power conferred by Article XI–c upon any person who does not possess the qualifications defined by Article XI–c, and fairly and reasonably come within its operation. For that reason, we are compelled to hold that the plaintiff, William F. Faulman, who was enlisted in the regular army prior to June 3, 1915, and was at and prior to said date, and until after November 11, 1918, a soldier in the regular army of the United States, and whose entire service was performed under an enlistment made prior to June 3, 1915, does not come within the prescribed class defined in Article XI–c, and is not entitled to share in or receive any money authorized to be expended under the provisions of Article XI–c. We can see no reason, however, why it is not within the power of the legislature, if deemed advisable, to provide compensation to the plaintiff out of funds other than those created pursuant to the provision of Article XI–c and Chapter 201, Laws of 1921.

For the reason stated, the judgment appealed from must be affirmed, and it is so ordered. AFFIRMED.